# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-783 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RICHARD J. KRIST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion for Default Judgment (Doc. 12) will be granted, as follows.

Plaintiff charges Defendants with the unauthorized exhibition of the Liddell/Franklin boxing broadcast in June 2010, in violation of the Federal Communications Act. *See generally* Compl. (Doc. 1). Defendants have not answered the Complaint, and the Clerk has entered default against them. *See* Doc. 10. The Court finds that damages can be calculated without a hearing. *See generally, e.g.*, J & J Sports Prods., Inc. v. Greene, 2010 WL 2696672, *2 (D. Md. Jul. 6, 2010) *and* J & J Sports Prods., Inc. v. Long, 2009 WL 1563914, *1 (E.D. Pa. Jun. 3, 2009) (finding that damages under Communications Act could be resolved on default judgment without hearing) (citations omitted).

Plaintiff has elected to pursue statutory damages under 47 U.S.C. § 605. *See* Pl.'s Br. (Doc. 13) at 5. Under Section 605, the Court may award not less than $1,000, and not more than $10,000. *See* Joe Hand Promotions, Inc. v. Piacente, 2011 WL 2111467, *4 (N.D. Cal. Apr. 11, 2011) (citing relevant statutory subsections). The Court will award the statutory minimum, $1,000, because said amount approximates the cost Defendants would have had to pay to

lawfully air the broadcast,[1] and there is no evidence that Defendants are repeat-offenders and/or that they enjoyed substantial financial gain through the offense. *See, e.g.*, Piacente at *5-6 *and* Joe Hand Promotions Inc. v. Meola, 2011 WL 2111802, *5-6 (N.D. Cal. Apr. 22, 2011) (holding same under materially similar facts). Thus, statutory damages in the amount of $1,000 will be awarded under 47 U.S.C. § 605(e)(3)(C)(i).

As to enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii), this Court joins the decisions in Piacente and Meola in concluding that an award of $5,000 is sufficient for the purposes of punishing Defendants' conduct and deterring future violations. *See* Piacente at *8 *and* Meola at *7.

Turning to Plaintiff's request for attorney's fees, counsel's written declaration lacks sufficient specificity to support an award of fees. *See* Pl. Counsel's Decl. (Doc. 13-3) at ¶ 7 ("Plaintiff estimates that attorneys representing [it] in this action reasonably expended or will expend a minimum of six (6) hours on this litigation") (emphasis added). To award attorney's fees under the lodestar method, the Court must be provided with sufficient information regarding the actual number of hours reasonably expended and the reasonableness of the hourly rate charged. *See* J & J Sports Prods., Inc. v. TCOS Enterprises, Inc., 2012 WL 1361655, *1-2 (E.D. Pa. Apr. 19, 2012). Plaintiff's information falls short of the type provided in support of successful fee petitions,[2] and attorney's fees will not be granted in this case.

---

[1] *See* Pl.'s Br. at 10 (under Plaintiff's "Rate Card," charge to Defendants for airing broadcast would have been $900).
[2] *See, e.g.*, J & J Sports Prods., Inc., v. Gencarelli, 2011 WL 1253886, *4 (D. N.J. Mar. 28, 2011) (awarding fees based on "a detailed affidavit from [the plaintiff's] attorney breaking down the hours that he and his paralegal worked") *and* J & J Sports Prods., Inc. v. Greene, 2010 WL 2696672, *6 (D. Md. Jul. 6, 2010) (same).

Finally, Plaintiff requests an award of $554.85 in costs, including this Court's $350 filing fee and $204.85 to effectuate service. The record confirms that Plaintiff has paid the filing fee, and Plaintiff's "Proof of Service" forms reveal charges for service totaling $204.84 in connection with the remaining Defendants. *See* Docs. 6 & 7. The Court finds the fees to be reasonable, and, therefore, costs in the amount of $554.84 will be awarded.

Consistent with the foregoing, Plaintiff's Motion for Default Judgment (**Doc. 12**) is **GRANTED**, and judgment hereby is entered in favor of Plaintiff and against Defendants in the amount of **$ 6,554.84**.

IT IS SO ORDERED.


December 19, 2012                                        s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record